McCORD, Judge.
Petitioner seeks review by certiorari of respondent’s revocation of his license as an apprentice pilot for the Port of Panama City. Petitioner had been certified as an apprentice pilot to Graydon Arthur York pursuant to Ch. 310, Florida Statutes. His certificate was revoked by respondent after notice to show cause and hearing held pursuant to that statute. The notice charged that petitioner did violate the provisions of Ch. 310, supra, by threatening to do great bodily harm and thereby assaulting a duly licensed pilot of the Port of Panama City, Florida, on or about October 24, 1973, at his residence resulting from a matter concerning the conduct of the pilot operation of the port, which conduct was alleged to be “misbehavior, negligence, and incompetency, and conduct detrimental to commerce, in that a ship was to be piloted into the Port of Panama City, Florida, on October 24, 1973.” It was further charged that the conduct of petitioner was so gross as to warrant revocation of his apprentice *214 pilot’s license. After hearing respondent found as follows:
“1. That Graydon Arthur York is a duly appointed apprentice pilot for the Port of Panama City, whose application for an apprentice pilot position was endorsed by the following licensed bar pilots for the Port of Panama City: Thomas Graydon York, Ernest R. Spiva, and James W. Fuller.
2. At the open hearing held on November 27, 1973, bar pilots Ernest R. Spiva and James W. Fuller withdrew their endorsements of Graydon Arthur York as an apprentice pilot for the Port of Panama City.
3. That on the evening of October 24, 1973, the Respondent, Graydon Arthur York, proceeded to the residence of bar pilot Ernest R. Spiva from the dock of the Panama City City Marina, where a discussion had recently ensued concerning the operation of the St. Andrews Bay Pilot’s Association pilot boat concerning the arrival of a ship on the bar of the Port of Panama City.
4. That the conduct of Graydon Arthur York at the residence of Ernest R. Spiva was misbehavior, negligence, incompe-tancy and conduct detrimental to commerce in and for the Port of Panama City in that Graydon Arthur York intended to do great bodily harm to and did assault Ernest R. Spiva, a duly licensed pilot for the Port of Panama City, Florida.
5. That said conduct by Graydon Arthur York was so gross as to warrant revocation of his appointment as an apprentice pilot for the Port of Panama City.”
Respondent then found that the allegations contained in the complaint and notice of hearing to show cause had been established beyond a reasonable doubt and it revoked and terminated the apprentice pilot’s license of petitioner.
Petitioner contends that § 310.04, Florida Statutes, which provides for the certification or indenture of any person desiring to become a pilot’s apprentice has been held unconstitutional and void by the Circuit Court of Volusia County in the case of Register v. Pilot Commissioners, 25 Fla. Supp. 75. Petitioner, however, has overlooked the fact that on appeal the Supreme Court reversed the ruling of the Circuit Court and held the aforesaid section constitutional. Register v. Milam, Fla., 188 So.2d 785.
Petitioner further contends that there is no specific provision in Ch. 310 for disciplining or removal of apprentice pilots by respondent. § 310.05, Florida Statutes, as amended by Ch. 73-206, Laws of Florida was effective at the time of this incident. It states as follows:
“The board may suspend any pilot for misbehavior, negligence, incompetency, drunkenness, and for any conduct detrimental to commerce, or injurious to navigation, at the discretion of the board; and said board may revoke the license of any pilot if, in the opinion of the board, the conduct of the offender is so gross as to warrant such revocation.”
It is noted that the language of the above statute applies to any pilot. We construe this to include an apprentice pilot. It would be incongruous to say that the Board can discipline a pilot but cannot discipline an apprentice pilot. An apprentice pilot may be authorized to pilot any vessel within the limits and specifications fixed by the Board in which said apprentice is indentured. (See § 310.041, Florida Statutes, as amended by Ch. 73-206, supra.)
Petitioner next contends that respondent Board erred in determining that the conduct of petitioner was misbehavior, negligence, incompetency and conduct detrimental to commerce in and for the Port of Panama City and that it further erred in determining that petitioner’s conduct *215 was so gross as to warrant revocation of his appointment as apprentice pilot. From our examination of the briefs and record, we find no departure from the essential requirements of law by respondent board and that there is competent substantial evidence to support the findings, conclusion and order of respondent.
Certiorari denied.
RAWLS, C. J., and BOYER, J., concur.